IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LAWRENCE J. WEDEKIND | § | Case No. 09-32057-H4-11 |
| | § | (Chapter 11) |
| Debtor. | § | |
| _____ | § | |
| | § | |
| LAWRENCE J. WEDEKIND | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adversary Proceeding No. _____ |
| vs. | § | |
| | § | |
| UNITED STATES FEDERAL | § | |
| EMERGENCY MANAGEMENT | § | |
| AGENCY ("FEMA") | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT FOR TURNOVER AND DECLARATORY JUDGMENT**

TO THE HONORABLE JEFF BOHM,
UNITED STATES BANKRUPTCY JUDGE:

**PARTIES**

1.      Plaintiff, LAWRENCE J. WEDEKIND, being the Debtor in the above referenced Chapter 11 Bankruptcy Case and, as the Plaintiff herein, files this Adversary Proceeding pursuant to 11 U.S.C. § 542(a) (the "Bankruptcy Code") and Rule 7001(1) & (9) of the Federal Rules of Bankruptcy Procedure.

2.      Defendant is the Federal Emergency Management Agency, an agency of the United

States Department of Homeland Security, which is a department or unit of the United States government (alternatively call the "Defendant" or "FEMA"), and may be served with a Summons and a copy of this Complaint, pursuant to Rule 7004(b) (4) & (5) of the Federal Rules of Bankruptcy Procedure by serving the appropriate personnel named in that Rule.

3. The Defendant is deemed to have waived its sovereign immunity for purposes of this Complaint pursuant to 11 U.S.C. § 106 (a) (1).

## JURISDICTION

4. The United States District Court for the Southern District of Texas has jurisdiction over this Adversary Proceeding under 28 U.S.C. §1334, which action has been referred to this Court pursuant to 28 U.S.C. §157(a).

5. In addition, this Court may enter a final judgment against a governmental unit pursuant to 11 U.S.C. §§ 106 (a) (3).

## CORE PROCEEDING

4. The Plaintiff alleges that this matter is a core proceeding under 28 U.S.C. 157 (b) (2) (A) and (E) as it concerns a recovery of property of the Debtor's bankruptcy estate.

## VENUE

5. Venue in this Adversary Proceeding is properly before this Court pursuant to 28 U.S.C. §1409 (a).

## PROCEDURAL HISTORY

6. This proceeding relates to the Chapter 11 Reorganization Case of LAWRENCE J. WEDEKIND, the Plaintiff and Debtor in Case No. 09-32057-H4-11. The main Case, referenced

above, was filed on March 31, 2009 and the Debtor is currently the Debtor-in-Possession therein.

## FACTS

7. The Plaintiff had previously managed the Dickerson Memorial Hospital in Jasper, Texas which commenced operations in the year 2000. The entity which owned the hospital was known as Dickerson Memorial Hospital, Ltd., a Texas limited partnership ("Dickerson"). The general partner of Dickerson is Greater Gulf Medical Alliance, Inc. a Texas corporation ("GGMA").

8. As a result of financial problems, including the non-payment of amounts claimed by Dickerson as being due from the Defendant, as well as other federal government agencies, Dickerson ceased operations during 2008. Its buildings and certain equipment were secured to OmniBank, N.A. which eventually foreclosed upon such in early 2009.

9. On or about September 24, 2005, Hurricane Rita tore through the East Texas area and Dickerson incurred damages and costs which were not totally insured and for which GGMA and its affiliates proceeded to fund through borrowed funds. As a result of the failure to receive promised government payments, Dickerson began to fall behind in the payment of federal employment taxes which, as of this date, are in excess of Two Million Dollars ($2,000,000), since both it and GGMA as well as certain affiliates devoted any available funds to keeping the hospital operating.

10. Dickerson previously filed a Chapter 11 Reorganization Proceeding in this Court under Case Number 08-33039-H3-11 on May 7, 2008 (the "Dickerson Case"), which was eventually dismissed on August 18, 2008 since the attempted reorganization was not feasible and a confirmable plan could not be obtained.

11. During the pendency of the Dickerson Case the Internal Revenue Service ("IRS") filed a proof of claim for the unpaid employment taxes, in addition to a Trust Fund Penalty Claim which was also being pursued against Mr. Wedekind, the Plaintiff herein, individually.

12. As Dickerson was out of money and could not obtain a reorganization of its affairs, let alone fund protracted litigation with the IRS, Mr. Wedekind sought and obtained an assignment of Dickerson's claim for unpaid amounts due from the Defendant on March 9, 2009 (the "Assignment") in order to have standing to bring any action or claim against the Defendant in this or any other forum.

13. The Assignment is or may be subject to the lien of OmniBank, N.A. which is a creditor of both Dickerson and the Plaintiff herein and which Bank is still owed a deficiency on its claims – certain of which are guaranteed by other federal government agencies.

14. In substance, the Plaintiff is seeking recovery of amounts due Dickerson by one federal government agency in order to pay the claims of another federal government agency. Recovery of such amounts will substantially reduce or pay the debts of both the Debtor, as well as Dickerson.

15. This is a Complaint seeking various forms of relief in which the Debtor is authorized to seek this Court's assistance in obtaining possession of property pursuant to 11 U.S.C. §542(a) in addition to a Declaratory Judgment that Plaintiff's assignor is owed money by Defendant and that Plaintiff is entitled to collect and apply such.

## STATUTORY BASIS & CLAIM BACKGROUND

16. The underlying dispute surrounds the amount of emergency public assistance reimbursements due Dickerson as a provider of medical services under the FEMA Public Assistance program.

17. Dickerson filed a Claim requesting payment under the FEMA Public Assistance Program on or about October 22, 2005. That Claim was for the period from September 23, 2005 through and including October 1, 2005.

18. The amount due under the Claim was $209,254.35 which has never been responded to or paid by FEMA.

19. The amount requested in that Claim was computed using the FEMA policies, procedures and guidelines and should have been paid timely.

20. The amount requested by Dickerson also included shelter provided for 107 community residents during the height of the storm.

21. Dickerson, prior to its closing, sought payment of the FEMA Claim which has never been responded to by FEMA or paid.

22. Dickerson before it could take any further action ended up ceasing operations and closing its doors.

23. The Plaintiff obtained the assignment of Dickerson's Claim and cause of action against the Defendant, FEMA, and is asserting such herein to obtain funds rightfully due in order to use such for payment of other debts of both Dickerson and the Plaintiff which accrued as a result.

**FIRST CAUSE OF ACTION - TURNOVER**

24.	The Plaintiff reincorporates all of the facts set forth in Paragraphs 7 through 23 above as applicable to this Cause of Action.

25.	The Court should compel the Defendant to turn over the amount claimed due from FEMA to the Plaintiff promptly pursuant to §542(a) of the Bankruptcy Code.

26.	In addition, the Defendant should also be compelled to pay interest on the funds being sought by this Complaint from the date such should have been paid until actually paid.

**SECOND CAUSE OF ACTION – DECLARATORY JUDGMENT**

27.	The Plaintiff reincorporates all of the facts set forth in Paragraphs 7 through 23 above as applicable to this Cause of Action.

28.	The Plaintiff respectfully requests that this Honorable Court, upon hearing all of the facts and evidence to be presented herein, determine and declare that the Plaintiff is entitled to recover in the capacity in which he has brought this action as the Assignee of the Dickerson Claims; that the actual amount of these Claims be liquidated and determined by the Court; that the Defendant be compelled to pay interest thereon; and for such additional declarations which may be necessary during or following the trial hereof.

29.	The Plaintiff reserves the right to amend this Complaint pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure as a result of additional evidence and facts which are expected to arise during discovery.

WHEREFORE, PREMISES CONSIDERED, LAWRENCE J. WEDEKIND, Plaintiff and

Debtor, prays that the Court determine the actual amount owed by the Defendant on the FEMA Claim assigned to Plaintiff and that the Defendant be compelled to turn over the amount of funds so determined, including interest at the appropriate rate to be determined, to Plaintiff for use in his Chapter 11 Plan; for a necessary declaratory judgment related to all of the foregoing; and further, for all other relief whether at law or in equity to which the Plaintiff may be justly entitled.

Dated:  June 30, 2009			Respectfully submitted:

					CLARK & KEITER, P.C.



					/s/ James R. Clark
					James R. Clark
					SBN 04286000
					4545 Mt. Vernon
					Houston, Texas 77006
					(713) 529 -1300
					(713) 532 - 5505   [FAX]

					**ATTORNEY IN CHARGE FOR PLAINTIFF, LAWRENCE J. WEDEKIND**