IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LAWRENCE J. WEDEKIND | § | Case No. 09-32057-H4-11 |
| | § | (Chapter 11) |
| DEBTOR. | § | |
| | § | |

**DEBTOR'S RESPONSE TO THE UNITED STATES TRUSTEE'S
MOTION FOR AN ORDER DIRECTING THE DEBTOR TO SHOW
CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED OR CONVERTED FOR
FAILURE TO FILE A DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION**
(Relates To Docket Entry No. 55)

TO THE HONORABLE JEFF BOHM,
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, LAWRENCE J. WEDEKIND. being the Debtor and Debtor in Possession in this Case, (hereinafter alternatively called the "Debtor" or "Respondent"), and file this Response to the Motion For An Order Directing the Debtor To Show Cause Why This Case Should Not Be Dismissed Or Converted For Failure To File A Disclosure Statement and Plan of Reorganization filed by the United States Trustee (the "Motion") and would respectfully show as follows:

1.	Debtor admits the factual allegations contained in Paragraph 1 of the Motion filed by the United States Trustee (the "Motion").

2.	Debtor admits the factual allegations contained in Paragraph 2 of the Motion.

3.	Debtor admits the factual allegations contained in Paragraph 3 of the Motion.

4.	Debtors admit the factual allegations contained in Paragraph 4 of the Motion.

5.	Debtors admit the factual allegations contained in Paragraph 5 of the Motion.

6.	Debtor admits the factual allegations contained in Paragraph 6 of the Motion

7.	Debtor admits the factual allegations contained in Paragraph 7 of the Motion.

8. Debtor lacks sufficient information after reasonable inquiry, with which to admit or deny the factual allegations contained in Paragraph 8 of the Motion, especially as the allegations are essentially legal argument which the Debtor is not required to admit or deny.

9. Debtor lacks sufficient information after reasonable inquiry, with which to admit or deny the factual allegations contained in Paragraph 9 of the Motion, especially as the allegations are essentially legal argument which the Debtor is not required to admit or deny.

10. Debtor denies the factual allegations contained in Paragraph 10 of the Motion.

11. The Debtor recently had to dismiss two Adversary Proceedings filed in this Case against agencies of the United States Government. The potential proceeds from those Cases and the claims made therein were to have been part of the Debtor's foundation for a Plan of Reorganization.

12. In addition, the Debtor's affiliates, Dickerson Memorial Hospital, Ltd. ("Dickerson") and Greater Gulf Medical Alliance, Inc. ("GGMA"), have filed separate Chapter 7 Cases, which are in Judge Paul and Judge Steen's Courts respectively, under Case Numbers 09-34574-H3-7 and 09-34575-H2-7.

13. The Chapter 7 Trustee for both Affiliates, Mr. Ben Floyd, has filed a Motion to Dismiss the Dickerson Case and such is set for a hearing on October 26, 2009 before Judge Paul.

14. The Dickerson Case is where the claims against these Federal Government Agencies must be pursued as that entity, alone, has the requisite standing to pursue those financial claims.

15. The Debtor herein will be filing a Motion to Convert both Dickerson and GGMA to a Chapter 11 so that they can be substantively consolidated; all claims pursued, and then file an orderly liquidating Plan therein.

16. The Debtor will seek to transfer the Dickerson & GGMA cases to this Court as a number of creditors are the same and it would be infinitely better for one Court to handle all of these

Cases collectively in order to avoid inconsistent decisions and to possibly allow for joi9nt administration of same.

17. The eventual liquidation of the Dickerson & GGMA cases will become part of and financially intertwined with this individual Debtor's Disclosure Statement and Plan. The largest single creditor, being the Internal Revenue Service, may have its claim substantially paid by the claims of Dickerson against the other Federal Government Agencies and, accordingly, such will likely reduce the payments required by this individual Debtor.

18. The Debtor requests an extension of time, through and including November 6, 2009 to accomplish all of the documentation necessary to effectuate the transfer and consolidation of the Dickerson & GGMA cases to this Court and file his Disclosure Statement and Chapter 11 Plan of Reorganization.

19. The Debtor had been awaiting a decision regarding Dickerson before finalizing his Chapter 11 Disclosure Statement and Plan, however, the hearing on that matter was not finally scheduled until October 7, 2009. The Debtor's counsel acknowledges that he should have filed an earlier motion to enlarge the necessary time, however, due to some recent medical issues, had inadvertently forgotten to do so.

20. The Debtor and his counsel respectfully request that this Response be also considered as a motion for an enlargement of time and that the Court allow the Debtor until November 6, 2009 by which to accomplish the actions set forth hereinabove.

WHEREFORE, PREMISES CONSIDERED, LAWRENCE J. WEDEDKIND, request that the Court deny the relief requested by Movant, allow the Debtor until November 6, 2009 by which to file his Chapter 11 Disclosure Statement and Plan, and grant the Debtor such other and further relief to which he may be justly entitled whether at law or in equity.

DATED:  October 19, 2009     Respectfully submitted,

JAMES R. CLARK & ASSOCIATES, P.C.

/s/ James R. Clark
James R. Clark
SBN: 04286000
4545 Mt. Vernon
Houston, TX  77006
(713) 532-1300
(713) 532-5505 (Fax)

**ATTORNEY IN CHARGE FOR DEBTOR &
DEBTOR-IN-POSSESSION,
LAWRENCE J. WEDEKIND**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Debtor, LAWRENCE WEDEKIND's Response To Motion For An Order Directing the Debtor's To Show Cause Why this Case Should Not be Dismissed or Converted For Failure To File A Disclosure Statement And Plan of Reorganization has been forwarded to Stephen D. Statham, Attorney for the United States Trustee via electronic mail & via first class mail and creditors & parties-in-interest listed on the attached service list, via first-class mail on the 19th day of October, 2009.

/s/ James R. Clark
James R. Clark