IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 09-32057-H4-11 |
| LAWRENCE J. WEDEKIND, | § | Chapter 11 |

**OMNIBANK, N.A.'S RESPONSE TO DEBTOR, LAWRENCE J. WEDEKIND'S EXPEDITED MOTION TO CONFIRM MICHAEL JAYSON AS THE DISBURSING AGENT UNDER THE CONFIRMED PLAN AND REQUEST FOR HEARING**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now, OMNIBANK, N.A., Movant, by its Attorney, and file its Response to Debtor, LAWRENCE J. WEDEKIND's Expedited Motion to Confirm Michael Jayson ("Mr. Jayson") as the Disbursing Agent Under the Confirmed Plan and Request for Hearing and would respectfully show the Court the following:

1. OMNIBANK, N.A. denies the allegations contained in Paragraph 2.

2. OMNIBANK, N.A. denies the allegations contained in Paragraph 3.

3. OMNIBANK, N.A. denies the allegations contained in Paragraph 4.

By way of further Response, OMNIBANK, N.A. would show the Court the following:

4. During the confirmation hearing held on April 28, 2010, the Court instructed Mr. Leonard Simon ("Mr. Simon") to submit an Amended Confirmation Order removing Mr. Jayson as disbursing agent and provide in the Amended Order that OMNIBANK, N.A. was directed to disburse the funds held by OMNIBANK, N.A. to the Debtor.

5. Mr. Simon failed to submit an Amended Confirmation Order changing the disbursing agent or providing for the disbursement of funds by OMNIBANK, N.A.

6. This Court signed an original Confirmation Order submitted by Mr. Simon which did not contain the changes instructed by the Court.

7. The Debtor has now filed an Application for the Approval of Mr. Jayson, C.P.A. as Disbursing Agent for the Estate of Lawrence J. Wedekind. Attached to the

Expedited Motion is an Affidavit of Mr. Jayson, C.P.A. indicating that he was a disinterested person and held no interest adverse to the Debtor's estate.

8. The Debtor's Statement of Financial Affairs indicated that primary asset of the Debtor, an entity known as Integranet Physician Resources, Inc. was sold to Chris E. Frisbee on November 12, 2008, approximately 120 days prior to the filing of the bankruptcy. It is believed that Mr. Chris E. Frisbee is the accounting partner of Mr. Jayson and that Mr. Jayson may not be a disinterested party as defined by 11 U.S.C. §104(14). Additionally, Mr. Jayson should make full disclosure of all business relationships.

WHEREFORE, PREMISES CONSIDERED, OMNIBANK, N.A. respectfully requests this Court to set this matter for a hearing and require Mr. Jayson to make full disclosure prior to his appointment as the Disbursing Agent, and for all other relief, both legal and equitable, to which it may be entitled.

Respectfully submitted,
STOREY & DENUM, P.C.

---

CRAIG R. DENUM
11757 Katy Freeway, Suite 1010
Houston, Texas 77079
(281) 556-6684 – Telephone
(281) 556-8482 – Facsimile
State Bar No. 05768375
**ATTORNEY FOR OMNIBANK, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2010, a true and correct copy of the foregoing filed on behalf of OmniBank, N.A. has been served upon the Debtor, Mr. Lawrence J. Wedekind, 19207 Clear Sky Dr., Kingwood, Texas 77346-1664; the Debtor's Attorney, Mr. Leonard J. Simon, Pendergraft & Simon, L.L.P., 2777 Allen Parkway, Suite 800, Houston, Texas 77019; and all parties in interest requesting notice either by first class mail postage prepaid or electronically.

---

CRAIG R. DENUM